Filed 2/13/14  Certified for publication 3/10/14 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re A.M. et al., Persons Coming Under the Juvenile Court Law. | D064420 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J518677A-B) |
| v. | |
| CRYSTAL C. et al., | |
| Defendants and Appellants. | |


APPEALS from orders of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed with directions.

Cristina Gabrielidis, under appointment by the Court of Appeal, for Defendant and Appellant Crystal C.

Sahyeh S. Riopelle, under appointment by the Court of Appeal, for Defendant and Appellant Juan M.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Paula J. Roach, Deputy County Counsel, for Plaintiff and Respondent.

Crystal C. and Martin M. appeal juvenile court jurisdictional and dispositional orders concerning their children, A.M. and Damian M.  Crystal and Martin contend the court erred by exercising jurisdiction over the children without contacting their home state of Mexico as required by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Fam. Code, § 3400 et seq.),[1] and the court did not have emergency jurisdiction over the children under the UCCJEA.  We affirm the orders because the court's assumption of emergency jurisdiction was proper, but we remand the proceedings to the juvenile court to allow it to contact and provide notice to Mexican authorities.  If a Mexican court does not take action after notice and contact, the jurisdictional and dispositional orders will remain in effect.  If a Mexican court commences proceedings, the juvenile court is directed to proceed in conformity with the provisions of the UCCJEA and void its jurisdictional and dispositional orders.

FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2013, Crystal was arrested as she attempted to smuggle three pounds of heroin from Mexico into the United States.  Five-year-old A.M. and three-year old Damian were in the car with her when she attempted to drive across the international border.  Crystal had been having financial problems and agreed with Martin to smuggle

---

[1]     Statutory references are to the Family Code unless otherwise specified.

the drugs. She took the children with her in hopes of avoiding detection. Crystal claimed she knew there were drugs in the car, but not what kind of drugs or how much she was carrying.

Crystal said she and the children had lived both in Tijuana and in San Diego, and they had been living in Tijuana with Crystal's new boyfriend for at least six months. Martin also lived in Tijuana. Crystal and Martin had an informal shared custody arrangement and exchanged the children each week.

On May 1, the San Diego County Health and Human Services Agency (the Agency) petitioned under Welfare and Institutions Code section 300, subdivision (b) on behalf of the children, alleging they were at substantial risk because they had been in the car with Crystal while she and Martin were attempting to smuggle a controlled substance into the United States. At the detention hearing, the court assumed emergency jurisdiction under the UCCJEA because the children's home state is Mexico. It detained them in out-of-home care and set a further UCCJEA hearing to contact or provide notice to a Mexican court to determine whether Mexico would exercise jurisdiction and commence proceedings. The children were detained with their maternal great-aunt in San Diego.

Crystal admitted to the charges against her and was awaiting a sentencing hearing where she faced a prison sentence of three and one-half to five years. She visited the children twice each week. Martin called them daily. He admitted using drugs in the past and said he was willing to participate in services, but he did not wish to cross the international border because he was afraid he would be arrested.

3

At the hearing on June 14, the court received the Agency reports into evidence and heard argument from counsel regarding emergency jurisdiction. The court found it had emergency jurisdiction because of the dangerous situation the children faced and because the parents had used them as pawns in the hope they could help them pass the border checkpoint. The court noted if it did not assume jurisdiction, the children would be returned to Martin in Mexico where they would be at risk. After further argument, the court found the allegations of the petitions to be true, declared the children dependents of the court, removed them from parental care, placed them with a relative and ordered reunification services.

## DISCUSSION

### I

Crystal contends the court erred by exercising jurisdiction without contacting a court in the children's home state of Mexico to determine whether Mexico wished to assert jurisdiction. Martin joins her arguments and adopts them as his own.

The UCCJEA is the exclusive method in California to determine the proper forum in child custody proceedings involving other jurisdictions. (*In re C.T.* (2002) 100 Cal.App.4th 101, 106.) "Under the UCCJEA, a California court must 'treat a foreign country as if it were a state of the United States for the purpose of' determining jurisdiction. (§ 3405, subd. (a).)" (*In re Marriage of Nurie* (2009) 176 Cal.App.4th 478, 490.) A dependency action is a " '[c]hild custody proceeding' " subject to the UCCJEA. (§ 3402, subd. (d); *In re Angel L.* (2008) 159 Cal.App.4th 1127, 1136.)

Under section 3421, California may assume jurisdiction to make an initial child custody determination only if any of the following apply: California is the child's "home state," meaning the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the child custody proceeding was commenced (§§ 3421, subd. (a)(1) & 3402, subd. (g)); a court of another state does not have jurisdiction because it is not the child's home state (§ 3421, subd. (a)(2)); a court of the child's home state has declined to exercise jurisdiction on the ground California is the more appropriate forum (*ibid.*); all courts having jurisdiction have declined to exercise jurisdiction on the ground California is the more appropriate forum (§ 3421, subd. (a)(3)); or no other state has jurisdiction under the foregoing tests (§ 3421, subd. (a)(4)).

Subject matter jurisdiction either exists or does not exist at the time the action is commenced and cannot be conferred by stipulation, consent, waiver or estoppel. (*In re A.C.* (2005) 130 Cal.App.4th 854, 860.) "We are not bound by the juvenile court's findings regarding subject matter jurisdiction, but rather 'independently reweigh the jurisdictional facts.' " (*Ibid.*)

The juvenile court erred by not contacting and providing notice to a court in Mexico to determine whether Mexico wished to assert jurisdiction and commence proceedings to protect the children. Crystal, Martin and the children had lived in Tijuana for at least six months before the Agency filed the petitions on the children's behalf.

5

The judge who presided over the detention hearing indicated that because the family lived in Mexico the court was assuming emergency jurisdiction and would follow up with a Mexican court to determine whether Mexico would assume jurisdiction. However, the case was then transferred to another court and there is nothing in the record to indicate that this court ever contacted a Mexican court. The failure to contact Mexican authorities was error, but because the court had properly taken emergency jurisdiction over the children (see section II, *post*), the error was harmless. A court's custody determination remains in effect under the court's emergency jurisdiction until a child custody proceeding has began in the state with subject matter jurisdiction (§ 3424. subd. (b)) or until the state of emergency no longer exists (*In re Nada R.* (2001) 89 Cal.App.4th 1166, 1175). If Mexico does not assume jurisdiction, the jurisdictional and dispositional orders will become the final determination and California will become the children's home state. (§ 3424, subd. (b).)

## II

Crystal asserts the court erred by assuming temporary emergency jurisdiction over the children because they would not be at immediate risk if returned to her care. Martin joins her arguments.

Section 3424 provides an exception to the exclusive jurisdictional bases for making a child custody determination in California. A court may exercise "temporary emergency jurisdiction" when a "child is present in this state and . . . it is necessary in an emergency to protect the child because the child . . . is subjected to, or threatened with,

mistreatment or abuse." (§ 3424, subd. (a).) An "emergency" exists when there is an immediate risk of danger to the child if he or she is returned to a parent. (*In re Nada R. supra*, 89 Cal.App.4th at p. 1174.) Although emergency jurisdiction is generally intended to be short term and limited, the juvenile court may continue to exercise its authority as long as the reasons underlying the dependency exist. (*Id*. at p. 1175; *In re Angel L., supra,* 159 Cal.App.4th at p. 1139.)

The court properly assumed emergency jurisdiction. Crystal's and Martin's attempt to use the children in their scheme to smuggle heroin across the international border presented a substantial risk of danger to the children. The Homeland Security Investigations Agent told the social worker that Crystal had placed the children "in a potentially dangerous situation that could have led to bodily injury and/or death [by] risks often associated with drug distribution." Martin admitted he and Crystal had conspired to involve the children in their attempt to smuggle drugs. He also admitted using cocaine and marijuana and that he had previously been stopped at the border for smuggling illegal aliens. He remained in Mexico to avoid potential prosecution in the United States. On this record, substantial evidence supports the court's finding that returning the children to either parent without the parent's participation in services would place the children at a substantial risk of harm and that the risk of harm was continuing. The court properly assumed emergency jurisdiction and continued to exercise that jurisdiction because of the ongoing risk to the children.

DISPOSITION

The jurisdictional and dispositional orders are affirmed. The case is remanded for the limited purpose of contacting and providing notice to Mexican authorities to determine whether Mexico wishes to assume jurisdiction and to commence proceedings to protect the children. If a Mexican court does not take action after contact and notice, the jurisdictional and dispositional orders shall remain in effect. If a Mexican court assumes jurisdiction and commences proceedings, the juvenile court is ordered to proceed in conformity with the UCCJEA and to void its jurisdictional and dispositional orders.


HUFFMAN, Acting P. J.

WE CONCUR:

NARES, J.

McDONALD, J.


8

Filed 3/10/14

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| In re A.M. et al., Persons Coming Under the Juvenile Court Law. | D064420 |
|---|---|
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CRYSTAL C. et al., <br><br> Defendants and Appellants. | (Super. Ct. No. J518677A-B) <br><br> ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT:

The opinion filed February 13, 2014, is ordered certified for publication.


/s/ Huffman
_____
HUFFMAN, Acting P. J.

Copies to:  All parties